# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60470
Summary Calendar

————————

CARLOS ALFREDO MONTANO-VELASQUEZ,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A202 078 389

———————————————————————

Before SMITH, SOUTHWICK, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

The opinion in this case originally filed on May 15, 2023, is WITHDRAWN and the following opinion is SUBSTITUTED in its place.

Carlos Alfredo Montano-Velasquez, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60470

Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) finding him not credible and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We review for substantial evidence. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

In the decision summarily adopted by the BIA, the IJ determined that Montano-Velasquez was not credible in light of inconsistencies within his testimony and with other evidence, material omissions on direct examination, non-responsive answers to questions, evasive explanations for the inconsistencies and omissions, and his agitated demeanor during questioning. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). These specific and cogent reasons derived from the record support the credibility determination, *see Avelar-Oliva*, 954 F.3d at 767; *Singh*, 880 F.3d at 225; *Zhang*, 432 F.3d at 344, and consideration of the record as a whole does not show that "no reasonable fact-finder" could make such a determination, *see Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted). The adverse credibility finding, standing alone, was a sufficient basis for the BIA's rejection of Montano-Velasquez's claims for asylum and withholding. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). He also does not establish that the evidence compels a conclusion contrary to the agency's determination that he failed to show he more likely than not would be tortured if repatriated. *See Singh*, 880 F.3d at 224-25; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

Finally, insofar as Montano-Velasquez conclusionally asserts that former counsel provided ineffective assistance in several respects, we need not consider these claims because he has not properly briefed them but instead provides only conclusional assertions concerning them. *See* Fed. R. App. P. 28(a)(8)(A); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The petition for review is DENIED.